BRevaRD, J.,
delivered the opinion of the whole court. After stating the case, and the questions discussed in the argument,, he proceeded as follows: In expressing my opinion on these two points, I shall be as concise as possible. On the first point it has been said, that the Court of Ordinary being of ecclesiastical origin, must stand on the same ground with respect to other courts of the coun. try, as the courts ecclesiastical do in England; and that a judgment, or decision, made within their jurisdiction, although erro *405 neous, cannot be overruled, or questioned, in any other court, unless some express power be given by statute law, for that purpose ; and that in the matter now under consideration, no such power is given to this court, to entertain an appeal from the Court of Ordinary. The answer to this objection is, that whatever may have been the origin of the Courts of Ordinary in England, in this country they are purely civil in their institution and jurisdiction. We have not, nor had we ever, an ecclesiastical establishment, clothed with any civil powers. But it has been further said, that although an appeal lies from the judgment, or order of a Court of Ordinary to the Court of Common Pleas, yet must the appeal be tried pursuant to the County Court law ; and that no appeal lies from the Circuit or District Court, on an appeal determined in the Court of Common Pleas by a jury. To this the answer is, that trial by jury in the Courts of Common Pleas must be according to the principles of law, and the rules of those courts; and that the parties have a constitutional right of appeal to this court in every case tried in the courts of the district's respectively, upon questions either of fact, or law ; and that it is the duty of this court to take cognuzance of the appeal, and decide upon it. In regard to the second point in the case, it is only necessary to observe, . that the verdict is manifestly against evidence. For although it has appeared from the evidence given on the trial, as reported .by the judge who presided at the same, in the District Court, that the testator might have been, and probably was, influenced, in some degree, by the representations and persuasions of his wife, in making the provision for her he did, and to a more liberal extent, perhaps, than he otherwise would have done ; yet the evidence by no means proved any fraud, or imposition, in obtaining the will. The testator was compos men. tis, and acted with deliberation. And it has not appeared that the provision made for the wife by th§ will, was at all unreasonable, or disproportionate. .
New trial granted.